UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

TONISHA N FORTUNE-GUILLORY          CASE NO.  2:25-CV-01573

VERSUS                              JUDGE JAMES D. CAIN, JR.

LAKE CHARLES MEMORIAL HEALTH    MAGISTRATE JUDGE LEBLANC
HOSPITAL


MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 12] filed under Federal Rule of Civil

Procedure 12(b)(6) by defendant Southwest Louisiana Hospital Association d/b/a Lake

Charles Memorial Health Hospital ("Memorial"). Plaintiff opposes the motion. Doc. 15.

I.
BACKGROUND

Plaintiff Tonisha N. Fortune-Guillory filed a pro se employment discrimination suit

against Memorial in this court, raising a claim of retaliation. She alleges that her client

service representative position with CIOX, a contractor of Memorial, was terminated in

2020 when it was discovered that she had filed an EEOC charge against Memorial in 2019.

*See* doc. 1, att. 2. In a second EEOC charge, giving rise to this suit, plaintiff alleged that

she began her employment with CIOX on June 1, 2020, but was required to call Memorial's

HR department to obtain a badge for entry.[1] *Id.* at 1. When she visited the Memorial HR

department on Jule 11, she was told to return to her workspace and later informed that

---

[1] The court considers the EEOC charge as part of the factual basis for the suit because the complaint, which contains few factual allegations, incorporates the charge by reference.

Memorial would not allow her to return the premises because she had a pending EEOC charge against it. *Id.* at 2. Accordingly, CIOX terminated plaintiff's employment because she was not allowed to access the job site. *Id.*

The EEOC attempted conciliation and then issued a notice of suit rights on August 20, 2025. *Id.* at 5, 10–11. Plaintiff filed this suit on October 20, 2025. Doc. 1. Memorial now moves to dismiss the suit, arguing that it is not the proper defendant because liability under Title VII requires an employment relationship. Doc. 12. Plaintiff opposes the motion, arguing that Memorial qualifies as an employer under joint employer and integrated enterprise doctrines because it exercised sufficient control over the decision to terminate her. Doc. 15.

## II.
### LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club,*

*Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B. Application

At the outset, the court notes that it is unclear whether plaintiff is proceeding under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* The complaint invokes Title VII, but the EEOC record makes clear that the underlying 2019 charge was filed under the ADA based on plaintiff's request for a reasonable accommodation for an alleged disability. *See* doc. 1, att. 2, p. 10. Title VII prohibits employment discrimination based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e. The ADA prohibits employment discrimination against qualified individuals because of a disability. 42 U.S.C. § 12112(a). A claim for retaliation under either statute arises when an individual engages in protected activity under the respective statute, suffers an adverse employment action, and can establish a causal connection between the protected activity and the adverse action. *See Nall v. BNSF Rwy. Co.*, 917 F.3d 335, 348–49 (5th Cir. 2020) (elements of ADA retaliation claim); *Badegrow v. REJ Props., Inc.*, 974 F.3d 610, 618–19 (5th Cir. 2020) (Title VII). Courts must liberally construe the filings of pro se litigants and the scope of EEOC complaints, which are usually initiated pro se. *Collins v. Dallas Leadership Found.*,

77 F.4th 327, 330 (5th Cir. 2023); *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). Because plaintiff's claim arises from a charge filed under the ADA and the elements are the same under either statute, the court construes the retaliation claim as also arising under the ADA and exhausted through the allegations raised in the EEOC charge.

The ADA prohibits employment discrimination by a "covered entity," meaning "an employer, employment agency, labor organization, or joint labor management committee." 42 U.S.C. § 12111(2). Accordingly, a threshold issue in any ADA case is whether the defendant is a covered entity. It is undisputed that CIOX, rather than Memorial, hired and fired plaintiff. But Memorial may still be covered under the ADA if it acted as an "integrated enterprise" or "joint employer" with CIOX. Under the first test, the court asks determines whether two entities represent a single enterprise by examining "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *E.E.O.C. v. Valero Refining-Tex. L.P.*, 2013 WL 1168620, at *3 (S.D. Tex. Mar. 13, 2013) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)). Meanwhile, joint employer status is determined under the "hybrid economic realities/common law control test," with an emphasis on the latter. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227–28 (5th Cir. 2015) (quoting *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118–19 (5th Cir. 1993)). The economic realities inquiry focuses on "whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* at 227. The more dominant control test looks to "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee,

and the right to set the employee's work schedule." *Id.* (quoting *Deal*, 5 F.3d at 119). Although her EEOC charge alludes to some degree of control, plaintiff's sparse complaint does not provide sufficient allegations in support of either theory. Accordingly, there is presently no basis for the court to hold Memorial liable for employment discrimination and the court will allow plaintiff an opportunity to amend.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 12] will be **DENIED** and plaintiff will instead be given **30 days** to amend her complaint. Failure to comply will result in the original complaint being dismissed on the merits.

**THUS DONE AND SIGNED** in Chambers on the 14th day of April, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**