**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**TONISHA N FORTUNE-GUILLORY**                 **CASE NO.  2:25-CV-01573**

**VERSUS**                                                       **JUDGE JAMES D. CAIN, JR.**

**LAKE CHARLES MEMORIAL HEALTH**    **MAGISTRATE JUDGE LEBLANC**
**HOSPITAL**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 22] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Health Hospital ("Memorial"). Plaintiff filed a delayed opposition to the motion. Doc. 26.

**I.**
**BACKGROUND**

Plaintiff Tonisha N. Fortune-Guillory filed a pro se employment discrimination suit against Memorial in this court, raising a claim of retaliation. She alleges that her client service representative position with CIOX, a contractor of Memorial, was terminated in 2020 when it was discovered that she had filed an EEOC charge against Memorial in 2019. *See* doc. 1, att. 2. In a second EEOC charge, giving rise to this suit, plaintiff alleged that she began her employment with CIOX on June 1, 2020, but was required to call Memorial's HR department to obtain a badge for entry.[1] *Id.* at 1. When she visited the Memorial HR

---

[1] The court considers the EEOC charge as part of the factual basis for the suit because the complaint, which contains few factual allegations, incorporates the charge by reference.

department on Jule 11, she was told to return to her workspace and later informed that Memorial would not allow her to return the premises because she had a pending EEOC charge against it. *Id.* at 2. Accordingly, CIOX terminated plaintiff's employment because she was not allowed to access the job site. *Id.*

The EEOC attempted conciliation and then issued a notice of suit rights on August 20, 2025. *Id.* at 5, 10–11. Plaintiff filed this suit on October 20, 2025. Doc. 1. Memorial now moves to dismiss the suit, arguing that the plaintiff fails to state a claim because liability under the Americans with Disabilities Act requires an employment relationship, which they contend is not established here. Doc. 22. Plaintiff opposes the motion, arguing that Memorial qualifies as an employer under the joint employer and integrated enterprise doctrines because Memorial exercised control over her employment. Doc. 26.

## II.
### LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

The Americans with Disabilities Act ("ADA"), prohibits "covered entities" from discriminating against qualified individuals because of a disability. 42 U.S.C. § 12112(a). Under the ADA, a "covered entity" includes an employer, employment agency, labor organization, or joint-labor management committee. 42 U.S.C. § 12111(2). Here, Plaintiff argues that the defendant qualifies as an employer in her ADA claim under the "integrated enterprise" and "joint employer" doctrines because they exercised control over her employment, including supervision, work conditions, and her termination. Doc. 26. The integrated enterprise doctrine determines whether two entities represent a single enterprise by examining "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *E.E.O.C. v. Valero Refining-Tex. L.P.*, 2013 WL 1168620, at *3 (S.D. Tex. Mar. 13, 2013) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)). The joint employer doctrine is determined under the "hybrid economic realities/common law control test," with an

emphasis on the latter. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227–28 (5th Cir. 2015) (quoting *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118–19 (5th Cir. 1993)). The economic realities inquiry focuses on "whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* at 227. The more dominant control test looks to "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* (quoting *Deal*, 5 F.3d at 119).

The plaintiff contends that Memorial exercised sufficient control over her employment to be considered her employer because it denied her access to the jobsite. This argument fails, as courts have previously held that excluding a contractor's employee from a facility is insufficient to establish the control necessary for an employer-employee relationship. *Jones v. Norfolk Southern Co.*, 348 F.App'x 970, 2009 WL 3346127, at *3 (5th Cir. 2009). Even with leave to amend, the plaintiff has failed to provide the court with any additional facts to support her argument that the defendant qualifies as her employer under the "joint employer" and "integrated enterprise" doctrines. Accordingly, Memorial cannot be held liable for her retaliation claim.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 22] will be **GRANTED.**

**THUS DONE AND SIGNED** in Chambers on the 29th day of June, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**